## Schupp v. Willard Parker Company, Inc.

S. E. Bertolet, for plaintiff.

T. K. Leidy and George B. Balmer, for defendant.

SHANAMAN, J., April 13, 1931.—Plaintiff sued defendant in assumpsit, and defendant filed an affidavit of defense and counterclaim. Plaintiff, in lieu of demurrer, replied to the counterclaim and raised questions of law, which are before us. The question is whether plaintiff shall have judgment on the counterclaim.

The counterclaim sets forth that plaintiff in the years 1924 and 1925, while in defendant's employ, twice suffered a broken kneecap, disabling him to perform his duties; that defendant during the period of plaintiff's disability continued to pay him his regular salary and wages; that the Ætna Casualty and Surety Company, in pursuance of compensation insurance paid for by defendant, paid to plaintiff by virtue of his disability the sum of $348, and that plaintiff ought in good conscience to pay over this sum to defendant.

Defendant relies on the principle that one who has through mistake of law or fact received a voluntary payment from another, which the other was not required to make, and which the recipient ought not in good conscience to retain, may in an appropriate proceeding be required to repay such moneys. We do not understand it to be contended that the salary paid by defendant to plaintiff is recoverable. "There is enough in an employment for a fixed period at a fixed salary, as distinguished from an employment at a mere daily wage, to relieve the employee of the burden of proving an agreement for a continuance of his pay during such an absence, and cast upon the employer the burden of proving that which amounts to a contrary understanding:" Thus v. Prospect Dye Works, 3 Berks Co. L. J. 108, 110. The counterclaim is silent as to the terms of the employment, the amount of salary stipulated for, and the amount paid during disability. It sets forth no fraud or duress, nor does it aver any mistake of fact or law either expressly or by reasonable implication. The payments of salary may, in consonance with the averments, be taken to have been either the employer's legal duty or his voluntary and unmistaken decision and act. No equity is shown to warrant recovery of salary.

The only remaining question is whether the employer can in this action recover the compensation insurance. No authority is cited for such a proposition. This money was not paid by the employer and present defendant, but by the insurer, and no mistake is alleged or implied in the transaction. Defendant does not contend that there was no partial disability or loss of earning power, and avers specifically that plaintiff was unable to work, and received the compensation because of such disability. The additional payment of the salary or wages by the employer, though not perhaps tantamount to a compensation agreement or to an accord and satisfaction, does not, in our

opinion, raise any equity to make the employee a trustee of the compensation money nor bind him in good conscience to repay such money to the employer. The counterclaim states no such cause of action in the insurer to which the employer may be subrogated, nor does it aver that the salary paid by defendant was in lieu of compensation.

The counterclaim under familiar principles must state as precise and certain a cause of action as is required in a plaintiff's statement of claim, and, in our opinion, it fails to aver a legal claim.

And now, to wit, April 13, 1931, judgment is decreed in favor of the plaintiff, John D. Schupp, and against the defendant, Willard Parker Company, Inc., a corporation, on the counterclaim set up by said defendant.

From Charles K. Derr, Reading, Pa.